**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie Engle Webb,<br><br>Plaintiff,<br><br>v.<br><br>Vial Fotheringham LLP, et al.,<br><br>Defendants. | No. CV-17-01476-PHX-DJH<br><br>**ORDER** |

This matter is before the Court on Plaintiff Leslie Engle Webb's ("Plaintiff") Motion for Attorneys' Fees ("Motion") (Doc. 34). Defendant Vial Fotheringham, LLP ("Vial Fotheringham") and Defendant Michael C. Lamb ("Lamb") (collectively, "Defendants") filed a Response (Doc. 36) and Plaintiff filed a Reply (Doc. 38).

## I.   BACKGROUND

This action is predicated on Defendants' actions in an Arizona state court case ("State Court Action"). (Doc. 1). Vial Fotheringham is an Oregon law firm that regularly acts as debt collector in Arizona and Lamb is one of its attorneys. (*Id.*) Plaintiff alleges that Defendants violated the Fair Debt Collections Practice Act ("FDCPA") by filing a motion and affidavit for entry of default judgment in the State Court Action on behalf of Pueblo Hermoso Community Association. (*Id.*) Plaintiff[1] owned a condominium within the Pueblo Hermoso Community Association. (*Id.*) The State Court Action was initiated

---

[1] The record owner of the Property at the time the State Court Action was filed was Leslie Engle Webb, as Trustee of The Leslie Engle Webb Revocable Living Trust dated April 3, 2009.

against Plaintiff seeking, among other things, to collect unpaid assessments and other charges relating to her condominium and requesting a money judgment against Plaintiff. (*Id.* at 3). In the State Court Action, Defendants allegedly overstated the amount of Plaintiff's alleged debt by at least $1,323.52 in the proposed Default Judgment. (*Id.* at 3).

After resolution of the State Court Action, the instant action was filed. (Doc. 1). Defendants filed a Motion to Dismiss, which the Court denied, finding that it was "procedurally and substantively flawed." (Docs. 10, 24). The parties subsequently resolved this case and stipulated to the entry of judgment in favor of Plaintiff. (Doc. 31). That stipulation expressly stated that "Plaintiff is entitled to an award of costs and reasonable attorney' [sic] fees . . . ." (*Id.*) Plaintiff then filed the instant Motion for Attorneys' Fees. (Doc. 34).

## II. DISCUSSION

In the Motion pending before this Court, Plaintiff is seeking attorney's fees in the amount of $17,718.50. (Doc. 38 at 2). Defendants contend that Plaintiff's fee request is unreasonable because Plaintiff only achieved limited success and because Plaintiff's counsel billed excessive hours. (Doc. 36 at 2-3). Thus, Defendants ask the Court to award no more than $4,000.00 in attorneys' fees. (*Id.* at 4).

In order to encourage private enforcement of the FDCPA, an award of reasonable attorneys' fees is mandatory when a plaintiff prevails on his or her claim. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008); *see also Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 19950) (holding the reason for these mandatory fees "is that congress chose a 'private attorney general' approach to assume enforcement of the FDCPA."). FDCPA plaintiffs "seek[] to vindicate important . . . rights that cannot be valued solely in monetary terms . . . and congress has determined that the public as a whole has an interest in the vindication of statutory rights." *Id.* at 652 (quoting *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986)).

In FDCPA cases, "[d]istrict courts must calculate awards for attorney's fees using the 'lodestar' method." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4

(9th Cir. 2001) (citing *Caudle v. Bristow Optical Co.*, 224 F.3d 1014, 1028 (9th Cir. 2000); *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996)). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales*, 96 F.3d at 363; *see also Ferland*, 244 F.3d at 1149 n.4. "Although the lodestar is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Ferland*, 244 F.3d at 1149 n.4 (citations omitted). District courts have "a great deal of discretion in determining the reasonableness of the fee." *Camacho*, 523 F.3d at 978.

First, the Court finds, and Defendants do not disagree, that the hourly rate charged by Plaintiff's counsel is reasonable. *See St. Bernard v. State Collection Serv., Inc.*, 782 F. Supp. 2d 823, 827 (D. Ariz. 2010) (finding a $350 per hour is a reasonable rate for an FDCPA case filed in the Phoenix area). Thus, the next question is whether the hours billed by Plaintiff's counsel—here a total of 62.6 hours, which includes time expended on Plaintiff's Motion and her Reply in support of her Motion[2]—are reasonable. (Doc. 38 at 2 n.1). Arguing that they are not, Defendants contend that Plaintiff's counsel billed excessively in drafting the complaint and in responding to Defendants' Motion to Dismiss. (Doc. 36 at 3).

Defendants argue that given the prior litigation and the fact that Plaintiff's counsel was experienced in FDCPA cases, "it ought not to have taken Webb's attorneys more than four hours to draft the fact section of the pleading." (Doc. 36 at 3). However, upon review of Plaintiff's billing records, it appears Plaintiff's counsel actually spent less than three hours drafting the entire Complaint. (Doc. 34-1 at 11). The Court finds this time to be reasonable. *See St. Bernard*, 782 F. Supp. 2d 823, 827 (D. Ariz. 2010) (finding that five hours was a reasonable amount of time for an "experienced litigator of FDCPA claims" to spend drafting a complaint).

---

[2] In statutory fee cases, such as a FDCPA cases, "federal courts, including [the Ninth Circuit], have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable." *Camacho*, 523 F.3d at 981 (quoting *In re Nucorp Energy, Inc.*, 764 F.2d 655, 660 (9th Cir. 1985)).

Defendants also argue that because their Motion to Dismiss was "weak," it should only have taken Plaintiff's counsel ten hours to draft a response instead of the twenty-five hours Plaintiff's counsel billed in connection with the response. (Doc. 36 at 4). However, Defendants failed to provide any concrete explanation as to why twenty-five hours was excessive or why ten hours would have been sufficient. Moreover, the Court finds this argument flawed and counterintuitive. Defendants are correct that the Court held that their Motion to Dismiss was "procedurally and substantively flawed[;]" however, Plaintiff was still forced to respond to defend her Complaint. The Court knows of no authority, and nor does Defendants provide any authority, that stands for the proposition that a response to a "procedurally and substantively flawed" motion to dismiss should take less time than a response to a well plead and drafted motion to dismiss. Thus, Defendants have not met their burden to prove that Plaintiff's attorneys excessively billed for their Response to Defendants Motion to Dismiss. *See Christopher v. RJM Acquisitions LLC*, 2015 WL 3960163, at *4 (D. Ariz. June 30, 2015) (holding that "[d]efendant has not met its burden to prove that [p]laintiff's attorneys excessively billed" because defendant failed to provide an explanation as to why the time expended was excessive). Upon review of the billing records the Court finds that the hours expended and the billing rate were reasonable; thus, the Court finds Plaintiff's requested attorneys' fees award to be presumptively reasonable under the lodestar method.

Defendant next argues that Plaintiff only had limited success in this litigation because she only received statutory damages even though in her Complaint she also sought actual damages; therefore, Defendant avers that Plaintiff's limited success warrants a reduction in a fee award. (Doc. 36 at 3). A district court may, in its discretion, make reduction in a fee award on that basis. *Hensley v. Eckerhart*, 461 U.S. 424, 436(1983). However, courts have been reluctant to reduce fee awards on the basis of a low monetary recovery in FDCPA cases becasue statutory damages are capped at $1,000.00. *See Defenbaugh v. JBC & Associates, Inc.,* 2004 WL 1874978, at *4 (N.D. Cal. Aug. 10, 2004). Moreover, as "the FDCPA provides for mandatory fee awards to the prevailing party

because 'congress chose a 'private attorney general' approach to assume enforcement of the FDCPA[;]'" the FDCPA's "purpose would be frustrated if attorney's fees were limited such that attorneys working on FDCPA cases could not recover fees out of proportion" to the statutory damages maximum of $1,000.00. *Garcia v. Resurgent Capital Services, L.P.*, 2012 WL 3778852, at *10 (N.D. Cal. Aug. 30, 2012) (quoting *Camacho*, 523 F.3d at 978). Thus, although Plaintiff received only the maximum statutory damages here, this settlement does not reflect a lack of success. *Defenbaugh,* 2004 WL 1874978, at *4 (rejecting the argument that plaintiff, who recovered the statutory maximum of $1,000.00 under FDCPA, only achieved limited success). To the contrary, Plaintiff received the maximum statutory damages allowable under the FDCPA. Therefore, the Court will not, as Defendants suggest, reduce Plaintiff's presumptively reasonable requested attorneys' fees award based on Plaintiff's recovery amount. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Attorneys' Fees (Doc. 34) is **GRANTED**. Plaintiff is hereby awarded attorneys' fees in the amount of $17,718.50;

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

Dated this 7th day of February, 2019.

Honorable Diane J. Humetewa
United States District Judge